UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-12282-RGS

DAVID C. LETTIERI

v.

BUSIE BROOKS,

ORDER

November 9, 2026

David C. Lettieri, a prisoner serving a federal sentence at FMC Devens, filed a federal civil rights complaint with the United States District Court for the Eastern District of Pennsylvania. *Lettieri v Brooks*, No 26-3175 (E.D. Pa. May, 6, 2026) (Dkt. No. 1). Finding that Lettieri sought to bring suit against several employees of FMC Devens based on events that occurred there, the case was ordered transferred to this district. *Id.* (Dkt. No. 3).

Plaintiff alleges that he this action "is in regards to a book that was in essence stolen to be "donated" to the Federal Medical Center Devens Library [b]ecause of a false ticket issue that placed the plaintiff in special housing unit unlawfully." *Id.* at ¶ 6. Named as defendants are two book publishers, and eight correctional officers, two of whom are identified as a disciplinary

hearing officer and an evening officer. *Id.* at case caption. For relief, Lettieri seeks monetary damages. *Id.* at 5-6.

Generally, a party bringing a civil action before this court must either pay the required $405.00 filing fee, or seek leave to proceed *in forma pauperis*, that is, without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a), 1915. However, under the Prison Litigation Reform Act, a prisoner bringing a non-habeas civil action generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(g). This is commonly referred to as a "three-strikes" rule. When a prisoner has three such prior dismissals, he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, Lettieri has not paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. The three-strikes rule applies here because Lettieri has, while a prisoner, filed more than three non-habeas actions that federal district courts, including this court, have dismissed for failure to state a claim upon which relief may be granted. *See Lettieri v. Fed. Med. Ctr. Devens*, No. 25-cv-40134-JDH, 2025 WL 3022527, at *2 (D. Mass. Oct. 29,

2025) (collecting cases and applying three-strikes rule). The First Circuit affirmed Lettieri's "'three-strikes' status." *Lettieri v. Santander Bank N.A.*, No. 24-1781, 2025 WL 2823585, at *1 (1st Cir. June 18, 2025). Lettieri cannot, as a result, proceed with this case without prepaying the filing fee unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, Lettieri "has not met the imminent danger exception of § 1915(g)," *Reis v. Spectrum Health Sys., Inc.*, No. 13-1482, 2013 WL 12569246, at *1 (1st Cir. July 17, 2013). Lettieri seeks to challenge the loss of property and challenge certain disciplinary proceedings, but the alleged misconduct does not place him in imminent danger of any physical injury. Lettieri also alleges that he was threatened, *see* Dkt. No 1 at ¶ 14, but this alleged threat is speculative and not imminent.

Ordinarily, the Court provides a litigant with an opportunity to pay the filing fee or to show cause why he should not be required to do so. The court's record, however, indicates that Lettieri has filed dozens of non-habeas actions in district courts that have been dismissed for failure to prepay the filing fee or to show good cause as to why the fee should not be required. *See, e.g., Lettieri v. Garver, et al.*, No. 26-CV-10143-BEM, [Dkt. 5 at 3] (D. Mass. 2026) (listing cases and applying three strikes rule). Plaintiff

has also been advised several times of the requirement to pay the filing fee.

Accordingly, in exercise of its inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the court does not extend an opportunity to Lettieri to pay the filing fee or to show cause as to why he should not be required to do so. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly, this action is dismissed without prejudice to Lettieri paying the full filing fee of $405.00 along with a motion to reopen within thirty-five (35) days of the date of this Order. The clerk shall enter a separate order of dismissal.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE